<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DINESH JADAV and KUMUD HOSPITALITY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SSN WILLIAMSPORT, LLC, PETER BHAI a/k/a PIYUSH BHAISADSWALA, PINKY BHAI, a/k/a PINKY BHAISADSWALA, and SSN HOTEL MANAGEMENT COMPANY, <br><br> Defendant. | Civil Action No. 23-396 (SDW) (ESK) <br><br> **OPINION** <br><br> February 10, 2023 |

**THIS MATTER** having come before this Court upon the filing of a complaint (D.E. 1, "Complaint") by Plaintiffs Dinesh Jadav and Kumud Hospitality LLC ("Plaintiffs"), and the Court having reviewed the Complaint to determine its subject matter jurisdiction pursuant to 28 U.S.C. § 1332; and

**WHEREAS** "[f]ederal courts are courts of limited jurisdiction, and [this Court] must therefore be certain that there is a basis for [its] authority to hear each suit before proceeding to the merits." *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869–70 (3d Cir. 2022) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010)). "One such basis, diversity jurisdiction, 'as its name indicates, . . . requires that opposing parties be citizens of diverse states." *Id.* at 870 (alteration in original) (quoting *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018)). "[T]o meet the strictures of the

diversity statute, complete diversity is required, meaning that at the time the complaint is filed, no party can be a citizen of the same state as any opposing party." *Id.* (citing *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 & n.9 (3d Cir. 2015)); 28 U.S.C. § 1332; and

**WHEREAS** "[t]hough the absence of complete diversity [would] deprive[] all federal courts of subject matter jurisdiction over this action, a federal court always has jurisdiction to determine its jurisdiction." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 418 (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). Indeed, this Court "ha[s] a continuing obligation to assess subject matter jurisdiction *sua sponte* at all stages of the proceeding, even when parties do not raise the issue." *Peace Church Risk Retention Grp.*, 49 F.4th at 869 (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 395 (3d Cir. 2004)); and

**WHEREAS** it is "well-established" that an artificial entity other than a corporation assumes the citizenship of all its members. *GBForefront, L.P.*, 888 F.3d at 34 ("A partnership, as an unincorporated business entity, assumes the citizenship of all its partners. . . . Likewise, a limited liability company is a citizen of all the states of its members." (citing *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 419–20)). Accordingly, when a member of a partnership or limited liability company brings an action against an entity of which they are a member, complete diversity does not exist and "'the doors of the federal courts' are 'effectively close[d]' to that action." *Reightler v. Monmouth Bioproducts, LLC*, No. 14-3518, 2014 WL 12621233, at *1 (D.N.J. Dec. 22, 2014) (quoting *Bankston v. Burch*, 27 F.3d 164, 168–69 (5th Cir. 1994)); and

**WHEREAS** Plaintiffs are currently members of Defendant SSN Williamsport, LLC, which is a limited liability company that remains in existence. (D.E. 7.) Consequently, complete diversity does not exist, and this Court lacks subject matter jurisdiction over this action; therefore

Plaintiffs' Complaint is *sua sponte* **DISMISSED**.  An appropriate orders follows.

                                                                               /s/ Susan D. Wigenton  
                                                                             **United States District Judge**

Orig:  Clerk  
cc:     Edward S. Kiel, U.S.M.J.  
        Parties